UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**AMY WILSON**,

                    Plaintiffs,

v                                                Civil Action No. 20-975
                                                Judge

**KENT COUNTY SHERIFF, KENT COUNTY DEPUTIES (TBD), KENT COUNTY GOVERNMENT**,

                    Defendant.

_____/

Tyrone Bynum (P82427)
Attorney for Plaintiffs
161 Ottawa Ave NW, Ste #309
Grand Rapids, MI 49503
(616) 608-7409
tyrone@lawofficesoftyronebynumpllc.com

**Complaint**

Plaintiffs state:

**Common Allegations**

1. This action arises under 42 USC 1983. Jurisdiction is conferred by 28 USC 1331, 1343(a)(3), and (4).
2. Plaintiff Amy Wilson was a resident of Wyoming, Kent County, Michigan.
3. Defendant, **individual defendant 1** and at all material times was employed by the Kent County Sheriff's Department as a deputy sheriff.
4. Defendant, **individual defendant 2** and at all material times was employed by the Kent County Sheriff's Department as a deputy sheriff.
5. When the events alleged in this complaint occurred, Defendant deputies were acting within the scope of their employment and under color of law.
6. At all material times, Defendant **Kent County Sheriff's Department** employed both Defendant deputies and is liable for their acts. The county is also liable because of its policies, practices, and customs, which led to this complaint of violation.
7. On or about June 14, 2019 , Ms. Amy Lynn Wilson (herein referred to as Plaintiff) was detained at the Kent County Correctional Facility (KCCF) for the charges of Carrying a Concealed Weapon and Operating While Intoxicated.

8. While being detained at the KCCF Ms. Wilson received the following injuries at the hands of KCCF Correction Officers;

    a. Closed Nondisplaced Fracture of the Head of Left Radius
    b. Left Wrist Strain
    c. Head Pain as a result of being kneed to the back of the head 4 times
    d. Back pain
    e. Emotional Distress
    f. Nightmares resulting in insomnia

9. Ms. Wilson's injuries were a result of KCCF Corrections Officers intentionally engaging in excessive force, a violation of Plaintiff's 4th Amendment right against unreasonable seizure.
10. Ms. Wilson's injuries occurred after she was already restrained and not a threat to herself, KCCF Staff, and other prisoners being detained at the KCCF.
11. All claims that an officer used excessive force—deadly or not—in the course of an arrest or other seizure are properly analyzed under the Fourth Amendment's "objective reasonable standard" established by Graham v Connor, 490 US 386 (1989).
12. The conduct of the KCCF Correctional Officers before, during, and after the Plaintiff was restrained meets the threshold of "shocking the conscience" by any objective reasonable standard.
13. Plaintiff seeks recovery of damages pursuant to 42 USC 1983 based on Plaintiff's protected Constitutional rights under the 4th Amendment were violated by KCCF Correctional Officers acting "under color of state law."
14. Where a violation of state or federal rights is found, 42 USC 1983 provides for both equitable relief and damages.
15. As with common-law tort actions, the defendant's action must be the proximate cause as well as a cause in fact of the plaintiff's injury. Martinez v California, 444 US 277, 285 (1980); Cheriee Gazette v City of Pontiac, 41 F3d 1061, 1066 (6th Cir 1994).
16. Plaintiff claims that the actions of the KCCF Correctional Officers were the proximate cause as well as the cause in fact of her injuries.
17. KCCF Correctional Officers (KCCF CO) had an obligated duty of care when restraining Plaintiff.
18. KCCF CO's actions breached that duty.
19. The KCCF COs made a deliberate decision, as governmental officials, to deprive Plaintiff of her fundamental rights of liberty and property through their unreasonable seizure of Plaintiff's person.
20. After Amy Wilson was injured by KCCF Deputies she complained of her injuries and requested medical attention. Her complaints were ignored for several minutes until she was finally allowed to see the on-duty nurse.

## Count I
### Fourth, Fifth, and Fourteenth Amendment Violations

21. Plaintiffs incorporate by reference paragraphs 1 through 20.
22. Plaintiff Amy Wilson's constitutionally protected rights that Defendant deputies violated include the following:
    1. the right to liberty protected in the substantive component of the Due Process Clause of the Fifth and Fourteenth Amendments, which includes personal safety, freedom from captivity, and a right to medical care and protection
    2. the right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment
23. Defendant deputies, acting under color of state law, took Plaintiff Wilson into physical police custody, while punching, restraining, and twisting her arm and wrist. In doing so, they established a special custodial relationship with Plaintiff, giving rise to affirmative duties on their part to secure for her the constitutionally protected rights identified above.
24. Defendant deputies' violation of their affirmative duties, their intervention in preventing Plaintiff Amy Wilson's request for medical attention prevented others from providing Plaintiff's constitutionally protected rights when she was unable to do so herself. This situation, while Plaintiff was under Defendant deputies' custodial control, is a direct and proximate cause of the subsequent deprivation of Plaintiff's constitutional rights described above.
25. Defendant deputies, acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff Wilson's constitutional rights. Further, their actions in detaining Plaintiff, given her medical condition, showed deliberate indifference to Plaintiff's serious medical needs and was a deprivation of her constitutionally protected rights.
26. As a direct and proximate result of Defendant deputies' conduct, Plaintiff Wilson suffered physical and emotional injury, loss of the use of her injured arm, loss of freedom, and other constitutionally protected rights described above.
27. Defendant Kent County Sheriff's Department, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff Wilson.
28. As a direct and proximate result of these policies, practices, and customs, Plaintiff Wilson was deprived of her constitutionally protected rights described above.

PLAINTIFFS REQUEST that this court enter judgment against Defendants in an amount consistent with the damages sustained.

## Count II
## Eighth Amendment Violations

29. Plaintiffs incorporate by reference paragraphs 1 through 28.
30. The Eighth Amendment of the U.S. Constitution provides, in pertinent part, that excessive bail may not be required nor excessive fines be imposed nor cruel and unusual punishments be inflicted.
31. Defendant deputies' decisions (a) to restrain, punch, and twist Plaintiff Wilson's arm and wrist, even after she was restrained, while knowing Plaintiff's medical condition and knowing that she should be immediately transported to the local hospital facility, and (b)

to take Plaintiff into their custody, creating a special relationship with her, violated Plaintiff's constitutionally protected Eighth Amendment rights by exhibiting deliberate indifference to her serious medical needs following her injuries.
32. Defendant deputies' decision to restrain, punch, and twist Plaintiff Wilson's arm and then denying Plaintiff Wilson medical attention showed deliberate indifference to the serious medical needs of Plaintiff. This violated Plaintiff's constitutionally protected Eighth Amendment right to be free from cruel and unusual punishment.
33. As a direct and proximate result of Defendant deputies' actions, Plaintiff Wilson suffered physical and emotional injury, loss of the use of her arm, loss of freedom, and other constitutionally protected rights described above.
34. As a result of the above-described injuries, Plaintiff Wilson was and will continue to be deprived of her fiancé's services and companionship and has and will continue to suffer a loss of consortium.
35. As a result of the above injuries , Plaintiff Wilson was unable to perform her job is now currently unemployed and will continue to be unemployed as long as she suffers from her injuries

PLAINTIFFS REQUEST that this court enter judgment against Defendants in an amount consistent with the damages sustained.

**Law Offices of Tyrone Bynum PLLC**

Dated: Oct 12, 2020

**/s/Tyrone Bynum**
**[Tyrone Bynum** (P82427)
Attorney for Plaintiffs
**161 Ottawa Ave NW, Ste #309**
**Grand Rapids, MI 49503**
**(616) 608-7409**
tyrone@lawofficesoftyronebynumpllc.com

**PLAINTIFF'S DEMAND FOR A JURY TRIAL**

Under MCR 2.508, the Plaintiff request that all of the counts be tried by a Jury.

Respectfully Submitted

Counsel For Plaintiff

By:   /s/ Tyrone Bynum_____
       Tyrone Bynum (P82427)


Business Address, Telephone, and E-Mail:
Law Offices of Tyrone Bynum PLLC
161 Ottawa Ave NW
Suite #309
Grand Rapids, MI 49503
(616) 608-7409
Tyrone@LawOfficesofTyroneBynumPLLC.com

**PROOF OF SERVICE**

I hereby certify that I personally served the above DEFENDANTS COMPLAINT pursuant to MCR 2.105, regarding the above matter on October 12, 2020 to the following:

KENT COUNTY GOVERNMENT, KENT COUNTY SHERIFF, KENT COUNTY CORRECTIONS OFFICERS
County Administration Building
300 Monroe Avenue NW
Grand Rapids, MI 49503-2206

/s/ Tyrone Bynum
        Tyrone Bynum