UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY WILSON,

    Plaintiff,

v.

KENT COUNTY SHERIFF, et al.,

    Defendants.

_____/

Case No. 1:20-cv-975

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

On May 19, 2022, this Court granted summary judgment in favor of Defendants Kent County Sheriff and Kent County in this civil rights case (Op. & Order, ECF No. 53). This Court's Opinion and Order required Plaintiff to show cause why this action should not also be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) as to the remaining Defendants "Kent County Deputies (TBD)" for lack of prosecution. Plaintiff has since filed a response (ECF No. 54), and Defendants filed a reply (ECF No. 55).

This Court's May 19, 2022 Opinion and Order set forth the factual background and procedural posture of this case. As noted therein, since the inception of this case, Plaintiff has made minimal effort to identify or name the "Kent County Deputies (TBD)" involved in the alleged incident in this case. Plaintiff did not timely move to compel discovery of the identities of the individual officers, did not renew her untimely motion to compel discovery, and did not move to extend the discovery deadline, which expired more than one year ago. In considering dismissal of Plaintiff's remaining claims in this case, the Court is mindful of the competing concerns in

imposing such a serious sanction and has considered the four factors the Sixth Circuit set forth as relevant in guiding this decision: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citation omitted).

The Court concludes that Plaintiff has not identified good cause why her claims against Defendants "Kent County Deputies (TBD)" should not be dismissed with prejudice. First, while the health challenges that Plaintiff's counsel describes are not inconsequential, the Court determines that counsel nonetheless acted with reckless disregard for the effect of his conduct—or omissions—on this litigation. *See Schafer, supra* (indicating that "the plaintiff's conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings'") (citation omitted). As Defendants more fully set forth in their reply, counsel put forth other efforts in this case, including participation in an Early Settlement Conference, and simply failed to prosecute this action against the unidentified deputies, despite ample opportunity to do so (ECF No. 55 at PageID.361–363).

Second, reopening discovery and imposing an additional round of briefing to litigate claims against persons whom, to date, remain wholly unidentified, would unfairly prejudice Defendants Kent County Sheriff and Kent County and burden this Court's docket management. Third, Plaintiff has been on notice that dismissal was a possible sanction for the failure to prosecute (*see* Orders, ECF Nos. 30–31), and this Court expressly notified Plaintiff of the looming possibility and provided Plaintiff an opportunity to advise the Court of good cause. *See* W.D. Mich. LCivR 41.1.

2

Last, this Court has considered lesser sanctions and determines that dismissal with prejudice is both appropriate and warranted in the circumstances at bar. *See Dudley El v. Michigan Dep't of Corr.*, No. 17-2288, 2018 WL 5310761, at *3 (6th Cir. May 23, 2018) (Order) (holding that "although the district court had not previously imposed less drastic sanctions on Dudley El concerning his failure to perfect service on the remaining defendants, '[t]his court .. has never held that a district court is without power to dismiss a complaint, as the first and only sanction ... and is loathe to require the district court to incant a litany of the available lesser sanctions'") (quoting *Schafer*, 529 F.3d at 737 (internal quotations omitted)).  In sum, the factors on balance weigh in favor of dismissal.  Accordingly, in the Court's discretion,

**IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants "Kent County Deputies (TBD)" are DISMISSED WITH PREJUDICE for lack of prosecution.

Dated:  June 21, 2022  /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge